| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 10-44169 |
| **Charles Daniel Grant** | ) | |
| **Laura Kelly Grant** | ) | Chapter 13 |
| SSN(s): **xxx-xx-2491, xxx-xx-4274** | ) | |
| **2300 Glen Ridge Drive** | ) | |
| **Highland Village, TX  75077** | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

**You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.    **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.    **Plan Payments and Length of Plan.**  Debtor will pay the sum of ____**see below**____ per ____**month**____ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of ____**60**____ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☑  Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $385.00 | $23,100.00 |
| | | Grand Total: | $23,100.00 |

Reason for Variable Plan Payments:

3.    **Payment of Claims.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  Allowed claims shall be paid to the holders thereof in accordance with the terms thereof.  From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified.  Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4.  **Administrative Claims.**  Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A).  **Trustee's Fees.**  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B).  **Debtor's Attorney's Fees.**  The total attorney fee as of the date of filing of the petition is ___**$3,000.00**___.  The amount of ___**$1,000.00**___ was paid prior to the filing of the case.  The balance of ___**$2,000.00**___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments.  The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5.  **Priority Claims.**

    (A). **Domestic Support Obligations.**

    ☑  None.  If none, skip to Plan paragraph 5(B).

        (i).  Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

        (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

        (iii).  Anticipated Domestic Support Obligation Arrearage Claims

            (a).  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            ☑  None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment / Months |
|---|---|---|
| | | |

            (b).  Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            ☑  None; or

Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
| | |

    (B). **Other Priority Claims (e.g., tax claims).**  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| | |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☐ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| | | |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Estimated<br>Claim | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment /<br>Months |
|---|---|---|---|---|
| | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment /<br>Months |
|---|---|---|---|---|
| | | | | |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Interest rate | (e)<br>Projected monthly arrearage payment / Months |
|---|---|---|---|
| | | | |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| City of Highland Village Tax Collector | 2300 Glen Ridge Drive Highland Village TX 75077 |
| Denton County Tax Collector | 2300 Glen Ridge Drive Highland Village TX 75077 |
| Highland Shores Owners | 2300 Glen Ridge Drive Highland Village TX 75077 |
| Lewisville ISD Tax Collector | 2300 Glen Ridge Drive Highland Village TX 75077 |
| Saxon Mortgage Services Inc | 2300 Glenn Ridge Drive Highland Village TX 75077 |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
| | | |

7.   **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is ___**$18,548.00**___ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of ___**$18,790.00**___ . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.   **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐  None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
| **Credit Union of Texas**<br>**2010 Honda Accord** | **$580.00** | | |

9.  **Property of the Estate.**   Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10.  **Post-petition claims.**   The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11.  **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12.  **Other Provisions:**

   (A).  **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
| | |

   (B).  **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| | |

**American Honda Finance**

**Credit Union of Texas**

**PLM Trailer Leasing**

   (C).  **Additional provisions.**

   <u>Pay Direct Taxes</u>
   Unless otherwise specified in this Plan, all applicable City, County, ISD and/or CED tax(es) specifically including any ad valorem tax(es) for the calendar year in which this bankruptcy was filed that are not otherwise provided for in this plan shall be paid direct.  The Debtor will timely pay the 2010 taxes directly, unless otherwise specified in this Plan, or the automatic stay of § 362 will lift as to all taxes due on the Debtor's said property.

   <u>Attorney Relieved and Released as Attorney of Record</u>
   After the Trustee's Recommendation Regarding Claims process has been completed and approved by the Court, the Attorney for Debtor[s] is hereby relieved and released as attorney of record for Debtor[s] except for those documents necessary to be filed immediately prior to Debtor['s/s'] Discharge.

**2300 Glen Ridge Drive, Highland Village, TX  75077**
The property located at 2300 Glen Ridge Drive, Highland Village, TX  75077 is surrendered to Saxon Mortgage Services Inc in lieu of and in full satisfaction of all debt related to this property.

**100% Plan**
This Order contemplates the payment in full of all allowed unsecured claims.  If there are more allowed unsecured claims than anticipated, the Debtor(s) shall modify the Plan to provide more funding.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: 12-3-10

_____
Charles Daniel Grant, Debtor

_____
Merv Waage, Debtor's Attorney

_____
Laura Kelly Grant, Debtor

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing instrument was electronically mailed to the following:

1.    Janna L. Countryman, Trustee
      P.O. Box 941166
      Plano, TX  75094-1166

I further certify that a true and correct copy of the foregoing instrument was delivered by Regular First Class Mail on the 3rd day of December, 2010 to the following:

1.    Internal Revenue Service
      PO Box 21126
      Philadelphia, PA  19114

2.    The Attorney General of the United States
      Department of Justice
      Tenth and Constitution Avenue
      Washington, DC  20530

3.    The United States Attorney for the
      Eastern District of Texas
      110 North College Avenue
      Suite 700
      Tyler, TX  75702-0204

4.    All creditors as shown on the attached mailing matrix

5.    Charles Daniel Grant and Laura Kelly Grant
      2300 Glen Ridge Drive
      Highland Village, TX  75077


_____
Merv Waage

Label Matrix for local noticing
0540-4
Case 10-44169
Eastern District of Texas
Sherman
Fri Dec  3 17:20:26 CST 2010

AT&T
c/o IC System Inc
PO Box 64378
Saint Paul MN 55164-0378

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Attorney General of Texas
Taxation Division Bkrpcy
Box 12548
Capitol Station
Austin TX 78711-2548

Attorney General of the US
Department of Justice
Tenth & Constitution Avenues
Washington DC 20530-0001

Chase Bank One
Attention Bankruptcy Dept
PO Box 15298
Wilmington DE 19850-5298

City of Highland Village Tax Collector
948 Highland Village Road
Lewisville TX 75077-4011

Credit Union of Texas
601 North Plano Road
Richardson TX 75081-2942

DSI Lending Resourses Inc
690 East Lamar Boulevard
Suite 575
Arlington TX 76011-3869

Denton County Tax Collector
PO Box 90204
Denton TX  76202-5204

Financial Control Svc
6801 Sanger Avenue
Suite 195
Waco TX 76710-7804

Charles Daniel Grant
2300 Glen Ridge Drive
Highland Village, TX 75077-8609

Laura Kelly Grant
2300 Glen Ridge Drive
Highland Village, TX 75077-8609

HSBC
Attention Bankruptcy
PO Box 5213
Carol Stream IL 60197-5213

Highland Shores Owners
Association
c/o Capital Consultants Mgmt
PO Box 105515
Atlanta GA  30348-5515

IC Systems Inc
PO Box 64378
Saint Paul MN 55164-0378

Integrity Advance LLC
300 Creek View Road
Suite 102
Newark DE 19711-8547

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Lewisville ISD Tax Collector
1800 Timbercreek Road
Lewisville TX 75028-1146

Mary Harbour
Prudential Texas Properties
3838 Oaklawn Suite 250
Dallas TX 75219-4508

Merv Waage
8350 South Stemmons
Hickory Creek, TX 75065-7590

PLM Trailer Leasing
4501 Ledbetter Drive
Dallas TX  75236

Path Advantage Associated
c/o Financial Control Svc
6801 Sanger Avenue
Suite 195
Waco TX 76710-7804

Prudential Texas Properties
3838 Oaklawn Suite 250
Dallas TX 75219-4508

Saxon Mortgage Services Inc
PO Box 163169
Fort Worth TX  76161-3169

State Comptroller of
Public Accounts
Capitol Station
Austin TX 78774-0001

Texas Employment Commission
TEC Building
Tax Department
Austin TX 78778-0001

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

USAA Credit Card Payments
PO Box 47504
San Antonio TX 78265-7504

United States Attorneys Office
110 North College Avenue
Suite 700
Tyler TX 75702-7237

Merv Bernard Waage
8350 South Stemmons
Hickory Creek, TX 75065-7590

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
PO Box 168088
Irving TX  75016

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia PA  19114-0326

End of Label Matrix
Mailable recipients     31
Bypassed recipients      0
Total                   31